## COMMONWEALTH v. MARTIN SHANKES.

**Appeal—Final Judgment.**

An order dismissing a cause is a final judgment from which an appeal may be prosecuted.

**Judgment—Reversal—Effect.**

After the reversal of a judgment it becomes a mere nullity, and the failure of the court to set it aside gives it no validity.

**Execution—On Reversed Judgment.**

An execution can not properly issue from a judgment which has been reversed.

APPEAL FROM DAVIES CIRCUIT COURT.

December 10, 1872.

OPINION BY JUDGE PRYOR:

The order dismissing the case against Shankes was a final judgment and from which an appeal could have been prosecuted. The mandate of the court of appeals had been entered of record in the lower court, reversing the judgment rendered against the appellee and thereby that judgment was rendered inoperative and no execution could have properly issued upon it. After the reversal the judgment was a mere nullity and the failure of the court below to set it aside gave it no vitality.

The opinion delivered by the circuit judge and made part of the record is conclusive of the question presented.

The judgment of the court below is therefore affirmed. The rule against Judge Cofer is discharged as he has no right to investigate the case on the docket at a time after there was a final judgment and over which he had no control.

*Cofer, for appellants.*